IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KAREEM HOUSER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. |
| v. | : | 5:24-CV-279 (CAR) |
| | : | |
| LARRY SULLIVAN and | : | |
| EDDIE D. BUICE, | : | |
| | : | |
| Defendants. | : | |

### ORDER DISMISSING RECAST COMPLAINT

Currently before the Court is *pro se* Plaintiff Kareem Houser's Recast Complaint. Having reviewed the Recast Complaint pursuant to 28 U.S.C. § 1915(e), the Court finds it fails to state a claim for relief. Thus, for the reasons explained below, Plaintiff's Recast Complaint [Doc. 4] is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted; as such, Plaintiff's pending Motions for Relief of Replevin and for a Hearing [Docs. 5 and 6] are **DENIED as moot**.

### BACKGROUND

On October 2, 2024, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") but found Plaintiff's Complaint failed to state a claim for relief because the Court could not evaluate whether the Court had jurisdiction or whether Plaintiff's

claims were brought within the applicable statute of limitations from the scant factual allegations included in the Complaint.[1] Plaintiff has now filed a recast Complaint, but it suffers from the same deficiencies as his original complaint.

Plaintiff alleges that Defendant Larry Sullivan "has taken [his] property without just cause" and "given it to an associate of his known as [Defendant] Eddie D. Buice," and he attached a picture of a motorcycle.[2] Plaintiff alleges no other facts and states that he brings causes of action for Conversion, Replevin, Negligence, and 42 U.S.C. § 1983.[3]

**ANALYSIS**

Because Plaintiff is proceeding IFP, the Court is required to screen his Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[4] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[5] A complaint is "frivolous" if "it lacks an arguable basis either in law or

---

[1] Order on Motion to Proceed In Forma Pauperis [Doc. 3].
[2] Docs. 4 and 5.
[3] Doc. 4, p. 3.
[4] 28 U.S.C. § 1915(e)(2)(b).
[5] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

in fact."[6] Dismissals on this ground should only be ordered when legal theories are "indisputably meritless,"[7] or when the claims rely on factual allegations that are "clearly baseless."[8] "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional."[9]

Under Federal Rule of Civil Procedure 8(a), Plaintiff must proffer a short and plaint statement (1) detailing the Court's jurisdiction, (2) showing that he is entitled to relief, and (3) demanding judgment for the relief that he states. Plaintiff's recast Complaint lists conversion, replevin, and negligence, which are state law causes of action, and 42 U.S.C. § 1983, a federal statute under which this Court could exercise subject matter jurisdiction. But because Plaintiff fails to provide any factual details supporting any claim under § 1983, the Court is unable to determine whether it has subject matter jurisdiction over this action.

Plaintiff fails to allege any facts showing he is entitled to relief. As the Court explained in its previous order, it appears Plaintiff attempts to assert a claim for deprivation of property under the Due Process Clause of the Fourteenth Amendment through 42 U.S.C. § 1983. Under § 1983, a plaintiff may recover monetary damages for an alleged violation of a right secured by the Constitution or other federal laws when (1) the

---

[6] *Id.*
[7] *Id.*
[8] *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).
[9] *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).

conduct complained of was committed by a person acting under color of state law, and (2) this conduct deprived a person rights, privileges, or immunities secured by the Constitution or laws of the United States. Plaintiff still fails to allege any facts from which the Court can determine whether Defendants were acting under color of state law; Plaintiff does not provide any context as to the alleged misconduct or whether such conduct was pursuant to either of Defendant's official duties.

As set forth in the previous order, even if the Court assumes Defendants were state actors, the Supreme Court has unequivocally held that an unauthorized intentional deprivation of property by a state actor does not constitute a violation of the procedural requirements of the Fourteenth Amendment's Due Process Clause if a meaningful post-deprivation remedy for the loss is available.[10] Under Georgia law, a person may file a tort action in state court to recover damages "for the wrongful conversion of personal property, and [the Eleventh Circuit has] held that this cause of actions constitutes a suitable post deprivation remedy for procedural due process."[11] Because Plaintiff failed to state whether he pursued a civil action through the Georgia state court system, the Court is unable to determine whether any procedural due process violation has occurred.

---

[10] *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).
[11] *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (per curiam) (citing O.C.G.A § 51-10-1; *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991)).

For the foregoing reasons, Plaintiff's Recast Complaint [Doc. 4] is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted; as such, Plaintiff's pending Motions for Relief of Replevin and for a Hearing [Docs. 5 and 6] are **DENIED as moot**.

**SO ORDERED,** this 11th day of February, 2025.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
